UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| RAHIM SALAAM, #259238, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:05-cv-97 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| KENNETH McKEE, ) | **MEMORANDUM OPINION** |
| ) | |
| Defendant. ) | |
| ) | |

This is a civil action brought against brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Bellamy Creek Correctional Facility ("IBC"), located in Ionia, Michigan. IBC is a multiple security level prison facility, housing prisoners of five distinct custody levels. Defendant is IBC's warden. Plaintiff's complaint states that he is a Level II prisoner and a Muslim. Plaintiff alleges that defendant's scheduling of the American Muslim service for IBC's Level II prisoners during the time slot from 11:30 a.m. to 12:30 p.m. violates plaintiff's constitutional rights under the First Amendment's Free Exercise Clause and his statutory rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-(a)(1). Plaintiff requests an injunction compelling defendant to schedule this service for IBC's Level II prisoners between 1:00 p.m. and 3:00 p.m.

The matter is now before the court on plaintiff's motion to compel defendant to answer his interrogatories (docket # 27) and defendant's motion for a stay of discovery (docket # 23). It is undisputed that plaintiff served his interrogatories on defendant in October 2005.

Defendant failed to file answers or objections.  On November 9, 2005, defendant filed a motion (docket # 23) asking for a stay of all discovery until after the court issued a ruling on defendant's motion for summary judgment.  On November 18, 2005, plaintiff filed his motion to compel. (docket # 27).   Defendant elected not to file a response to plaintiff's motion.

Defendant's only proffered justification for his failure to answer the plaintiff's interrogatories is an assertion that plaintiff's interrogatories are "premature, and improper at this time." (Defendant's Brief at 2, docket # 24).  Defendant makes three patently meritless arguments in support of this proposition.  First, defendant argues that is that it is somehow "unfair" under Rule 26 of the Federal Rules of Civil Procedure to require him to respond to the prisoner plaintiff's interrogatories before the court rules on his motion for summary judgment.  Defendant's brief presents the argument in these terms:

> Fed R Civ P 26(a)(1)(E) exempts prisoner *pro se* civil rights actions from the discovery conference [of] Rule 26(f), which, under Rule 26(d) must generally precede any discovery. If parties represented by counsel cannot proceed with discovery before a discovery conference, *pro se* prisoner plaintiffs should not be able to engage in discovery before the court rules on a defendant's dispositive motion.

(Defendant's Brief at 3, docket # 24).  Obviously, the Federal Rules of Civil Procedure must be applied as written.  Rule 26 allows a prisoner to engage in discovery without the prerequisite of participating in a Rule 26(f) discovery conference.  Defense counsel's view of Rule 26's "fairness" is decidedly myopic.  Counsel conveniently ignores the fact that Rule 26(f) likewise exempts defense counsel from the obligation counsel would otherwise have of meeting with *pro se* prisoner plaintiffs in Rule 26(f) conferences at the various prisons around the State.  More significantly for present purposes, nothing in Rule 26 entitles defendant to a ruling on a motion for summary judgment before allowing plaintiff to conduct the discovery authorized by the Federal Rules of Civil Procedure.  The

United States Court of Appeals for the Sixth Circuit frequently reverses district court decisions after determining that lower courts have prematurely granted summary judgment without affording an adequate opportunity to conduct discovery. *See e.g., McKinley v. City of Mansfield*, 404 F.3d 418, 443 (6th Cir. 2005), *cert denied*, 126 S. Ct. 1026 (2006); *Routman v. Automatic Data Processing, Inc.*, 873 F.2d 970, 971 (6th Cir. 1989); *see also Lexicon, Inc. v. Safeco Ins. Co. of Am., Inc.*, 436 F.3d 662, 673 (6th Cir. 2006) ("As a general rule, a district court should rule on discovery motions prior to granting summary judgment."). In essence, defendant is inviting this court to commit error.

Defendant's second argument is based on the Sixth Circuit's decision in *Skousen v. Brighton High Sch.*, 305 F.3d 520, 527 (6th Cir. 2002). Defendant's reliance on *Skousen* is seriously misplaced. In *Skousen*, a district court judge had dismissed a defendant's motion for summary judgment on the basis of qualified immunity as premature, stating that the defendant would be permitted to refile his summary judgment motion "after the conclusion of discovery." 305 F.3d at 524. The United States Court of Appeals for the Sixth Circuit reversed, holding that the district court had committed legal error because "[Q]ualified immunity involves immunity from suit rather than a mere defense to liability." *Skousen*, 305 F.3d at 526 (citing *Siegert v. Gilley*, 500 U.S. 226, 233 (1991)). The immunity provided by qualified immunity includes immunity from discovery burdens. 305 F.3d at 526. Defendant's brief admits that qualified immunity is not at issue in this case "because plaintiff seeks only injunctive relief." (Defendant's Brief at 3, docket # 24). Defendant states that *Skousen* is "persuasively instructive," without any explanation of how the Sixth Circuit's holding could possibly apply in a case where qualified immunity has not and cannot be asserted. Absent immunity from suit, there is no reason for the court to depart from the general rule that discovery should be allowed before ruling on a motion for summary judgement. Plaintiff

carefully limited his complaint to a claim for injunctive relief against defendant in his official capacity. Qualified immunity provides immunity to a claim for monetary damages against a defendant in his individual capacity. It does not protect defendant against a claim for injunctive relief. *See Flagner v. Wilkinson*, 241 F.3d 475, 483 (6th Cir. 2001); *see also George-Khouri Family Ltd. P'ship v. Ohio Dep't of Liquor Control*, No. 04-3782, 2005 WL 1285677, at * 3 (6th Cir. May 26, 2005)(collecting cases). In summary, the *Skousen* decision has no possible application where, as here, qualified immunity is not an issue.

Defendant's third argument is quoted verbatim below:

> The Supreme Court has long held the opinion that central to all other corrections goals is the consideration of institutional security within the corrections facilities themselves. In *Wilkinson v. Cutter*,[1] the Supreme Court reiterated that RLUIPA does not override the compelling governmental interests of discipline, order, safety, and security in penal institutions. Based on the current state of the law, defendant McKee is entitled to summary judgment, and dismissal because plaintiff has failed to state a claim upon which relief can be granted. Discovery should be suspended in this case until the court has an opportunity to decide defendant's dispositive motion.

(Defendant's Brief at 3-4). The Supreme Court's decision in *Wilkinson,* and *Pell v. Procunier*, 417 U.S. 817, 823 (1974) cited in defendant's footnote 11, provide no support for defendant's argument that he is entitled to a stay of discovery.

Defendant is not free to unilaterally bring discovery to a halt based on his impression regarding the merits of the summary judgment motion. The obstructionist approach taken by defense counsel in the face of clear discovery obligations and the borderline-sanctionable arguments presented in defendant's brief have needlessly wasted the court's time and that of the parties.

---

[1] Defendant's brief gave a partial citation to a nonexistent page of the Supreme Court's decision in *Cutter v. Wilkinson*, 544 U.S. 709 (2005), and it listed the parties in reverse order. Defendant's brief falls below the level of practice expected by the court.

Defendant will be ordered to file an expeditious response to plaintiff's interrogatories. The court's order will not work any significant hardship because defendant's affidavit in support of his motion for summary judgment (docket # 19, Ex. 1) appears to address in large part the substance of plaintiff's interrogatories, and at this juncture, any hardship that may occur must necessarily fall on the defendant and his counsel. Future obstruction by defense counsel will be met with the imposition of sanctions.

## **Conclusion**

For the reasons set forth herein, plaintiff's motion to compel answers to his interrogatories will be granted, and defendant's motion for a stay of discovery will be denied.


Dated:  April 3, 2006              /s/  Joseph G. Scoville
                                   United States Magistrate Judge