UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| RAHIM SALAAM, #259238, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:05-cv-97 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| KENNETH McKEE, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendant. ) | |
| ) | |

This is a civil action brought against brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983.  Defendant is the warden of the Bellamy Creek Correctional Facility ("IBC"), located in Ionia, Michigan.  When plaintiff filed this lawsuit on June 23, 2005, plaintiff was a Level II prisoner at IBC.  Plaintiff is a Muslim.  Plaintiff's amended complaint (docket # 7) requests injunctive relief against defendant compelling defendant to allow plaintiff to attend American Muslim prayer services during the 1:00 p.m. to 2:00 p.m. time slot that defendant has allotted to IBC's Level IV prisoners, rather than the 11:30 a.m. to 12:30 p.m. time slot allotted to IBC's Level II prisoners.  Plaintiff alleges that defendant's scheduling violates his First Amendment rights under the Free Exercise Clause. (First Amended Complaint, ¶ V, docket # 7).[1]

---

[1] Defendant's brief in support of the motion for summary judgment (docket # 19) includes an extensive analysis applying Religious Land Use and Institutionalized Persons Act (RLUIPA) standards.  It is not apparent where plaintiff alleged a violation of statutory rights, but for present purposes, I assume that plaintiff's first amended complaint included a claim that defendant's actions violated plaintiff's RLUIPA rights.

After the filing of this action, plaintiff's security classification was reduced from Level II to Level I. Months ago plaintiff was transferred to Level I confinement at the Jackson Cooper Street Prison (JCS) located in Jackson, Michigan. Plaintiff is currently housed in Level I confinement at Camp Cusino, located in Shingleton, Michigan.

On October 21, 2005, defendant filed a motion for summary judgment (docket # 18), justifying the prison's policy on the basis of the substantial security reasons for keeping IBC's Level II and Level IV prisoners separate. Thereafter, plaintiff filed three motions, all labeled as motions for preliminary injunctions. (docket #'s 26, 28, 65). Upon review, I recommend that plaintiff's motions be denied, that defendant's motion for summary judgment be dismissed without prejudice, and that plaintiff's complaint be dismissed as moot.

**Discussion**

I.   Plaintiff's Motions

Plaintiff's initial motion (docket # 26) is captioned as a "Motion to Seek Preliminary Injunction," but the body of plaintiff's motion requests that the court certify plaintiff's complaint as a class action. It is well established that *pro se* litigant may represent himself on his own claims, but may not act in a representative capacity. 28 U.S.C. § 1654; *see Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005). The Sixth Circuit has repeatedly held that *pro se* prisoner litigants are inadequate class representatives. *See*, *e.g.*, *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001); *Marr v. Michigan*, No. 95-1794, 1996 WL 205582, at *1 (6th Cir. Apr. 25, 1996)("[A]n imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner

cannot adequately represent the interests of the class.")(citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). I recommend that this motion be denied.

Next, plaintiff requested a court order prohibiting his transfer from IBC. (docket # 28). Plaintiff was not and is not entitled to reside in the prison of his choice. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). Plaintiff has no liberty or property interest in confinement at a particular prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Bazetta v. McGinnis*, 430 F.3d 795, 804 (6th Cir. 2006); *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005). Plaintiff has no constitutional right to a particular security classification. *Harbin-Bey*, 420 F.3d at 576 (6th Cir. 2005)(citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)). I recommend that this motion be denied.

On July 25, 2006, plaintiff filed a "Motion to Seek an Emergency Preliminary Injunction." (docket # 65). The motion states that plaintiff is currently a Level I inmate at Camp Cusino. Camps are minimum security facilities, generally representing the end of a sentence for offenders, and serve as a transition point for offenders getting ready to return to society. Consequently, most prisoners would be happy to escape the more rigorous conditions found in prisons, and would welcome being housed in a camp. Nevertheless, plaintiff's motion asks the court to issue an order directing the non-party Michigan Department of Corrections to transfer plaintiff from the Level I facility where he is currently to a different camp or prison in order to facilitate plaintiff's litigation of his "legal concerns." Plaintiff's motion states that he has filed a grievance regarding perceived inadequacies in his access to legal materials at Camp Cusino, but "the prisoner Grievance System can take from 90 days to 1 year to exhaust still without any resolution." (Motion, ¶ 1, docket # 65). Plaintiff may not bypass the statutory exhaustion requirements of the Prison

Litigation Reform Act, 42 U.S.C. § 1997e(a), and as previously stated, plaintiff is not entitled to reside in the prison of his choice. I recommend that plaintiff's motion be denied.

II.     Defendant's Motion

All outstanding discovery issues have ben resolved, and defendant's October 2005 motion for summary judgment (docket # 18) is finally in a procedural posture ready for decision. However, it is patent that plaintiff's claims for injunctive relief are moot as a result of his transfer to a different correctional facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 491 (6th Cir. 1995); *see also Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003). As plaintiff has not asserted a claim for damages, nothing remains in the case for resolution. Accordingly, I recommend that defendant's motion for summary judgment be dismissed without prejudice, and further recommend that plaintiff's complaint be dismissed as moot.

**Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motions (docket #'s 26, 28, 65) be denied, that defendant's motion for summary judgment (docket # 18) be dismissed without prejudice, and that plaintiff's complaint be dismissed as moot.

Dated:  August 2, 2006            /s/  Joseph G. Scoville
                                   United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file

timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).