UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| RAHIM SALAAM, #259238, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:05-cv-97 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| KENNETH McKEE, ) | **MEMORANDUM OPINION** |
| ) | |
| Defendant. ) | |
| ) | |

This is a civil action brought against brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is a Level I inmate at Camp Lehman located in Grayling, Michigan. On June 23, 2005, when plaintiff filed his initial complaint, he was a Level II prisoner the Bellamy Creek Correctional Facility ("IBC"), located in Ionia, Michigan. Plaintiff's complaint named IBC's warden, Kenneth McKee, as the defendant. Plaintiff's complaint alleged that he is a Muslim, and that defendant's scheduling of American Muslim prayer services for IBC's Level II prisoners during a time slot from 11:30 a.m. to 12:30 p.m. violated his rights. Plaintiff requested injunctive relief in the form of an order compelling defendant to schedule Juma services for IBC prisoners of all security classifications between 1:00 p.m. and 3:00 p.m. (Complaint ¶ VI, docket # 1). On July 8, 2005, plaintiff filed his first amended complaint. (docket # 7). The amended complaint requested only injunctive relief, and specified that defendant's scheduling violated plaintiff's rights under "U.S. Const. Amend. I (Right to freely exercise [his] religious beliefs)." (docket # 7, ¶ V).

On August 2, 2006, Magistrate Judge Joseph G. Scoville issued a report and recommendation (docket # 70) recommending that plaintiff's complaint be dismissed because plaintiff's transfer from IBC had rendered moot all plaintiff's claims for injunctive relief against defendant. The magistrate judge further recommended that three motions by plaintiff labeled as motions for preliminary injunctions (docket #'s 26, 28, 65) be denied, and that defendant's motion for summary judgment (docket # 18) be dismissed without prejudice. The matter is now before the court on plaintiff's "Motion to Amend Complaint & Motion to Reconsider Report and Recommendation" (docket # 71) and Supplemental Motion to Amend Complaint (docket # 74). Plaintiff's request to "reconsider" the report and recommendation constitutes plaintiff's objections to the report and recommendation. Defendant has filed a brief in opposition to plaintiff's motion for leave to amend his complaint. (docket # 72).

On August 14, 2006, plaintiff filed his motion requesting leave of court to amend paragraph VI of his first amended complaint to include a claim for monetary damages against defendant based on defendant's scheduling which purportedly deprived plaintiff of "77 Juma service[s at IBC] in violation of plaintiff's "First Amendment [r]ight[s]." (docket # 71 at 1). On August 28, 2006, plaintiff filed his supplemental motion to amend (docket # 74), clarifying that plaintiff is requesting leave to assert a claim for monetary damages against defendant in his individual capacity. The supplemental motion provided a more detailed statement of plaintiff's proposed claim for damages. Finally, the supplemental motion requested leave to amend the complaint to add a duplicative request for injunctive relief and a new request for declaratory relief. This portion of plaintiff's supplemental motion must be denied as futile because plaintiff's proposed claims for injunctive and declaratory relief would be moot as a result of plaintiff's transfer from IBC.

*See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *see also Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003).

Defendant argues that plaintiff's motion to amend the complaint to include a claim for monetary damages should be denied because the motion is "untimely" in that it was filed after the magistrate judge's report and recommendation. (Defendant's Brief at 1-3, docket # 72). The two unpublished, Sixth Circuit decisions cited by defendant as the "controlling or most appropriate authority" (*Id.* at ii), do not support defendant's argument. Rule 15(a) of the Federal Rules of Civil Procedure states that, "leave shall be freely given when justice so requires." The Sixth Circuit has held that delay alone, regardless of its length, is not enough to bar amendment if the party opposing the amendment is not prejudiced. In order to deny a motion to amend, the court must generally find some significant prejudice to the opponent of amendment. *See Duggins v. Steak'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *Moore v. City of Paducah*, 790 F.2d 557, 560, 562 (6th Cir. 1986). Here, defendant has not argued, much less demonstrated prejudice. Plaintiff's motion for leave to amend and supplemental motion to amend his complaint will be granted in part and denied in part. The motions will be granted to the extent that paragraph VI of plaintiff's first amended complaint is deemed amended instanter to include a claim for monetary damages against defendant in his individual capacity based on defendant's alleged violation of plaintiff's First Amendment rights under the Free Exercise Clause and to claim damages in the following amounts:

> 1) $10,000 for the loss of every [F]riday Muslim service not scheduled at the correct time of Juma, according to Islamic practice starting at Plaintiff's arrival and [ending at plaintiff's] departure from IBC.
>
> 2) $10,000 for punitive damages for every [F]riday Plaintiff was denied [his right] to practice his religion during Juma.

>Total monetary damages sought for seventy-seven (77) [F]ridays not scheduled at the correct time of Juma is: One Million Five Hundred Forty Thousand ($1,540,000) dollars.

(docket # 74 at 1-2).

The magistrate judge was correct in finding that plaintiff's claims for injunctive relief had been rendered moot by plaintiff's transfer. The report and recommendation will be adopted over plaintiff's objections, plaintiff's motions labeled as motions for preliminary injunctions will be denied, and plaintiff's claims for injunctive relief will be dismissed as moot.

The motion for summary judgment defendant filed in October 2005 (docket # 18) did not address any claim for monetary damages because plaintiff only recently sought leave to amend his complaint to include such a claim. Defendant's brief requests an opportunity to supplement and amend the motion for summary judgment and supporting brief. The court finds that defendant's proposed piecemeal approach is not satisfactory. The magistrate judge's recommendation that defendant's motion be dismissed without prejudice will be adopted. Defendant may file a new motion for summary judgment, asserting qualified immunity or any other defenses defendant may have, focusing on plaintiff's only remaining claim: a claim for monetary damages against defendant in his individual capacity based on defendant's alleged violation of plaintiff's First Amendment rights under the Free Exercise Clause.

## Conclusion

For the reasons set forth herein, plaintiff's objections will be overruled, the magistrate judge's report and recommendation will be adopted, plaintiff's motions labeled as motions for preliminary injunctions will be denied, defendant's motion for summary judgment will be dismissed

without prejudice, plaintiff's claims for injunctive relief will be dismissed as moot, and plaintiff's motion for leave to amend his complaint and supplemental motion for leave to amend will be granted in part and denied in part.  Plaintiff's motion to amend and supplemental motion will be granted to the extent that plaintiff's first amended complaint will be deemed amended instanter to include a claim for monetary damages against defendant as specified herein and in the court's accompanying order, but will be denied in all other respects.


Date:   September 7, 2006            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE